DECISION AND JUDGMENT ENTRY
This is an appeal from the Pickaway Court of Common Pleas.
Appellant Lemaster was indicted on December 8, 1995 and again on February 2, 1996, on multiple counts. He was incarcerated prior to trial. The charges in the indictments were tried jointly, and on March 18, 1996 Lemaster was found guilty on eight counts of receiving stolen property, one count of theft, and one count of engaging in a pattern of corrupt activity. He was acquitted on the other counts.
Lemaster was sentenced to one year on each receiving count which sentences were to be served consecutively. He was sentenced to one year on the theft count which sentence was to be served concurrently. He was sentenced to seven to twenty five years on the corrupt activity count which sentence was to be served consecutively. In its sentencing entry, the court below certified that Lemaster was entitled to 102 days credit for the time spent in pretrial incarceration.
In a motion to the trial court, Lemaster asserted that he was entitled to a credit of 642 days for pretrial incarceration. The trial court denied the request, and from that decision, Lemaster takes this appeal designating one assignment of error:
"APPELLANT WAS IMPROPERLY DENIED JAIL-TIME CREDIT."
In denying Lemaster's motion for 642 days credit the trial court relied on the decision in State v. Callender (Feb. 4, 1992), Franklin App. No. 91-AP-713, unreported. Counsel for appellant concedes that Callender is directly on point and that the ruling is contrary to the position he asserts here, but counsel argues that, ". . . Callender was wrongly decided."
We do not think it was, and for the reasons set out below, we affirm the judgment of the trial court.
The issue of credit for the time served in jail prior to trial involves two of our most precious constitutional protections — the presumption of innocence and equal treatment under the law.
A person who is indicted is entitled to the presumption of innocence and should not, based on the accusation alone, be incarcerated. However, the court must be assured that he will appear at trial to answer the charges, so the accused must give a bail bond to assure his appearance. Often such bond is nothing more than a recognizance bond. Sometimes a cash or property bond may be required, but excessive bonds are specifically prohibited in the Constitution. Where a defendant does not have the resources to make a cash or property bond, he may be held in pretrial detention. There are situations, however, where no bond will guarantee appearance, and the accused must be held prior to trial.
Regardless of whether bond is set, made or denied, the principle of equal protection requires that in the imposition of sentence all accused persons be treated equally. If after trial, a defendant is found guilty and sentenced, the sentence he serves must be equal to, and no more than, any other defendant in similar circumstances. Whether the defendant had the resources to make pretrial bond is irrelevant to sentencing. Simply put, there ought not to be one standard for people with money and people without money.
In order to ensure equal treatment, the trial court is required to certify the number of pretrial days served. R.C. 2967.191 provides that:
 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added)
Consider the two identically situated defendants where one has made bail while the other has been in jail for 90 days prior to his trial. If both are given two year sentences, 730 days, one will do 730 days while the other will do 820 days, and the only distinction between the two is that one had money for bail while the other did not. It is absolutely critical in the application of equal protection that defendants serve time commensurate with what they have done and not be based on their status, particularly their economic status. Thus, the application of R.C. 2967.191 to our hypothetical would show that first defendant would serve 730 days — all of it post trial. The second defendant would also serve 730 days — 90 days pretrial, and 620 days post trial.
In applying this same analysis to Lemaster's claim here, it is easily shown where it is invalid. Suppose there was another defendant identical to Lemaster except that, unlike Lemaster, he had made bail. Suppose this identical defendant committed identical crimes and, like Lemaster, received eight one year consecutive sentences, one year concurrent, and a sentence of seven to twenty five years consecutive. He would serve a minimum of 15 years — all of it post trial. Lemaster will serve 15 years — 102 days pretrial and 14 years 263 days post trial.
Lemaster's contention in this case is that he should serve 540 days less than his hypothetical identical defendant. Under appellant's analysis here, Lemaster would serve 15 years — 102 days pretrial, but because he did not make bail, the post trial time should be reduced by another 540 days, to 13 years and 88 days.
This is not what is intended by the statute. This is not equal protection for those too poor to make bail, but instead a preference for not making bail. Callender, supra, in rejecting the multiple count argument, noted this anomalous result.
Based on the foregoing, assignment of error one is not well taken and is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. Evans, J.: Concur in Judgment Opinion.
NOTICE: Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.